NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MARTA MARIA LOPEZ Y LOPEZ DE MAZARIEGOS; ROBELSI GENARO MAZARIEGOS-LOPEZ; KENWUI VICTORIA MAZARIEGOS-LOPEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7408

Agency Nos.
A201-434-869
A201-434-870
A201-434-871

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025**
Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

Lead Petitioner Marta Maria Lopez Y Lopez de Mazariegos, and Adult Rider

Petitioner Robelsi Genaro Mazariegos-Lopez and Minor Rider Petitioner Kenwui

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Victoria Mazariegos-Lopez (collectively "Petitioners") petition for vacatur of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying the applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners raise three challenges: (1) that the agency's decisions to deny the applications for asylum and withholding of removal are not supported by substantial evidence; (2) that the agency's decision to deny the application for protection under CAT is not supported by substantial evidence; and (3) that the agency violated Petitioners' due process rights when the IJ did not advise Petitioners of potential relief through an application for Special Immigrant Juvenile ("SIJ") status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

1.     "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citing *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We review the denial of an application for asylum and withholding of removal for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We also review the denial of CAT relief for substantial evidence. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). The substantial evidence standard is deferential, allowing reversal only when "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (quoting *Zehatye v. Gonzales*, 453 F.3d

1182, 1185 (9th Cir. 2006) (emphasis added)). We review due process claims *de novo*. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

2. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma*, 9 F.4th at 1059 (internal quotations and citations omitted). Substantial evidence supports the agency's finding that the violence Lead Petitioner faces from her ex-partner is not due to her membership in a particular social group. Lead Petitioner testified that the abuse from her ex-partner was due to disputes over Lead Petitioner not taking birth control medication, bearing a third and fourth child, and the ex-partner's new wife. Because withholding of removal also requires a showing that a petitioner's "life or freedom would be threatened on account of [the petitioner's] race, religion, nationality, membership in a particular social group, or political opinion," *Iraheta-Martinez v. Garland*, 12 F.4th 942, 955 (9th Cir. 2021) (internal quotations and citations omitted), the BIA and IJ's determinations that Lead Petitioner did not meet this standard are similarly supported by substantial evidence.

3. To establish protection under CAT, a petitioner must show that "it is more likely than not that he or she would be tortured if removed." *Akosung v. Barr*, 970 F.3d 1095, 1104 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(2)). And, the torture must be "inflicted by or at the instigation of or with the consent or

acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (emphasis omitted) (quoting 8 C.F.R. § 208.18(a)(1)). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (quoting 8 C.F.R. § 208.18(a)(7)). Here, again, the agency's finding that Lead Petitioner could not establish that the abuse she suffered from her ex-partner was inflicted with the consent or acquiescence of the Guatemalan government is supported by substantial evidence. Lead Petitioner testified that she called the Guatemalan police twice regarding her ex-partner, and that both times the police responded to her call, removed her ex-partner from the premises, but did not arrest him. Moreover, the country conditions data demonstrates that Guatemala laws prohibit violence and that there have been attempts to combat domestic violence in the country, even if those attempts have not always succeeded. *See also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

4.      Finally, we affirm the BIA's conclusion that Petitioners were not prejudiced by the IJ's failure to inform Petitioners of potential Special Immigrant Juvenile ("SIJ") status. "An IJ is required to inform a petitioner subject to removal

proceedings of apparent eligibility to apply for any of the benefits enumerated in this chapter. One of the benefits listed in this chapter is SIJ status." *C.J.L.G. v. Barr*, 923 F.3d 622, 626 (9th Cir. 2019) (en banc) (internal quotations and citations omitted). Although a failure to advise a petitioner of apparent eligibility for relief can constitute a violation of due process, *see United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013), we will only reverse the agency on due process grounds if: "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotations and citations omitted).

Here, the BIA correctly determined that Petitioners did not suffer prejudice from the omission. The record reflects that Petitioners' counsel knew of the potential relief through SIJ status and discussed this with the IJ at an October 24, 2019 hearing. The record further reflects that Petitioners' counsel continued to discuss with the IJ potential SIJ status filings in the state superior court, but did not ultimately file the required documents with the agency. Because Petitioners were aware of the potential relief through SIJ status, Petitioners were not prejudiced by the IJ's failure to advise of this potential relief.

5                                                                                          24-7408

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.  The motion for stay of removal is otherwise denied. *See* Dkt. No. 3.